JiDUFRESNE, Judge.
The sole issue presented in this appeal is whether the homeowner’s insurance policy of the defendant, Mr. Leo Fonseca, Jr., issued by Allstate Insurance Company, provides coverage for injuries sustained by the plaintiff, Mr. Larry Warino, as a result of a fight which occurred between the two men. The trial court found that there was coverage and that the intentional injury exclusion contained in the policy did not apply. For the reasons set forth herein, we reverse that determination.
This matter arises out of a fight which occurred between Larry Warino and Leo Fonseca on June 16, 1994, in front of Wari-no’s home. As a result of this altercation, Warino sustained injuries to his left eye, nose and hand which required medical treatment. Thereafter, in October of 1994, Warino filed a petition in the 24th Judicial District Court seeking damages from Leo Fonseca and his homeowner’s insurer, Allstate Insurance Company, for the injuries he received. 12Allstate Insurance Company denied coverage and subsequently filed a motion for summary judgment alleging that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law because the insurance policy specifically excluded coverage for intentional acts. The trial judge denied Allstate’s motion for summary judgment. The case thereafter proceeded to a bench trial on February 21,1997.
*779 At trial, Mr. Warino and Mr. Fonseca gave different versions of how the fight occurred. According to Warino, on September 16, 1994, at about 11:00 p.m., he was sitting on a swing in his front yard talking on the telephone. As he was on the phone, Leo Fonseca, his girlfriend’s estranged husband[1], approached from behind and punched him in the left side of his face. When Warino stood up, Fonseca charged into him swinging his arms. Warino testified that Fonseca threw at least three or four blows to his face. In an attempt to defend himself, Warino grabbed Fonseca and they wrestled to the ground. Warino positioned himself on top of Fonseca, told him to go home, and then rolled off of him. However, Fonseca charged at Warino again and the fight continued until the police arrived. During his testimony, Warino expressed his belief that the attack occurred because earlier in the day, Fonseca had driven by his house and had seen Stacy Fonseca and Warino hugging each other in the doorway. Warino also testified that Fonseca had called his house two times earlier that evening, at | swhich time he argued on the phone with Stacy Fonseca.
In contrast to this testimony, Leo Fonseca testified that on the evening on September 16, 1994, he arrived in front of Warino’s house and asked Warino, who was outside, to call his wife because he needed to talk to her about their children. Warino did not call Stacy Fonseca and responded to his request by cursing at him. An argument ensued between the two men. When Warino then approached, Fonseca exited his vehicle to defend himself. More words were exchanged between the two and according to Fonseca, they lunged at each other simultaneously. Fonseca admitted that he hit Wari-no in the face but could not recall how many times. Fonseca also testified that he was not focused on hitting Warino in the face, but that he just swung wherever he could catch him, in an attempt to defend himself. Fonse-ca claimed in his testimony that he did not intend to hit Warino and further that when he struck Warino in the face, he did not intend to injure his thumb.
After considering the evidence presented, the trial judge rendered judgment in favor of the plaintiff, Larry Warino, and against the defendants, Allstate Insurance Company and Leo Fonseca, Jr., in the amount of $7,000.00 in general damages, $5,355.00 in lost wages, and $2,105.70 in medical specials. After discussing liability and damages, the trial judge addressed the issue of coverage and concluded that “[bjecause an injury to the thumb may not reasonably be expected by punching somebody in the face, I am going to find coverage ...”
|4From this ruling finding coverage, Allstate Insurance Company now appeals. In this appeal, Allstate does not dispute the determination of liability nor the assessment of damages by the trial court. The only issue raised is whether the trial court erred in finding that the policy of insurance issued by Allstate provided coverage for the fight between Warino and Fonseca, its insured. Allstate argues that the physical altercation clearly was one in which Fonseca intended or reasonably expected to injure Warino, and therefore the policy specifically excluded coverage.
In the present case, the pertinent provision of the insurance policy reads as follows:
1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
a) such insured person lacks the mental capacity to govern his or her own conduct;
b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or
c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.
In Yount v. Maisano, 627 So.2d 148, 151-152 (La.1993), the Louisiana Supreme Court discussed the intentional injury exclusion as follows:
Policies should be construed to effect, not deny, coverage. Any ambiguity in an exclusion should be narrowly construed in *780 favor of coverage. The expected or intended” exclusion has been held to be ambiguous. The insurer bears the burden of proving the applicability of the intentional injury exclusion. The purpose of the intentional injury provision is “... to prevent an insured from acting wrongfully with the security of knowing that his insurance company will ‘pay the piper’ for the damages.”
IsThe exception, by its language, makes it clear that not all injuries resulting from an intentional act will be excluded, but only those injuries that were themselves intended. “The subjective intent of the insured, as well as his reasonable expectations as to the scope of his insurance coverage, will determine whether an act is intentional. An act is intended if the perpetrator desires the results of his action or he believes that the results are substantially certain to occur.” As for the reasonable expectation of the insured regarding the scope of his coverage, this court has held that:
. .■. when minor bodily injury is intended, and such results, the injury is barred from coverage. When serious bodily injury is intended, and such results, the injury is also barred from coverage. When a severe injury of a given sort is intended, and a severe injury of any sort occurs, then coverage is also barred. But when minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred.
“The insured’s subjective intent or expectation must bé determined not only from the insured’s words before, at the time of, and after the pertinent conduct, but from all the facts and circumstances bearing on such intent or expectation.” Such determinations of subjective intent are factual and much discretion will be given to the trier of fact, [citations omitted].
Under the circumstances of this case, we find that the trial judge was clearly wrong in concluding that an injury to the thumb may not reasonably be expected by punching somebody in the face. Anyone would reasonably expect injury, not limited to the face area, to result from Mr. Fonseca’s actions: Fonseca approached Warino from behind and punched him on the left side of his face; Fonseca charged into Warino swinging his arms and by his own testimony admitted that he was not focused on hitting Warino in the face, but that he just swung wherever he could catch him; the two men wrestled to the ground and the fight lasted for about ten to fifteen minutes. In addition, it is noted that Warino sustained injury to his face as well as his thumb, although 16the thumb turned out to be the more serious injury. For these reasons, we find that the conduct of the insured, Leo Fonseca, falls within the intentional injury exclusion of the homeowner’s policy, and thus the trial court erred in finding that the policy in question provided coverage for Fonseca’s actions.
Accordingly, the judgment of the trial court in favor of the plaintiff, Larry Warino, and against the defendant, Allstate Insurance Company, finding coverage under Fonseca’s homeowner’s policy, is reversed. However, the judgment of the trial court in favor of the plaintiff and against the defendant, Leo Fonseca, Jr., as well as the trial court’s assessment of damages, is affirmed.

REVERSED IN PART, AFFIRMED IN PART.

. Leo and Stacy Fonseca were separated at the time of this altercation and have since divorced.